S. Jacob Sens v. Commissioner. S. Jacob Sens and Celia W. Sens v. Commissioner.
Sens v. Commissioner
Docket Nos. 51210, 51211.
United States Tax Court
T.C. Memo 1956-279; 1956 Tax Ct. Memo LEXIS 15; 15 T.C.M. (CCH) 1449; T.C.M. (RIA) 56279; December 26, 1956
Joseph F. Lawless, Jr., Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion In these cases, consolidated for trial and opinion, the respondent determined deficiencies in Federal income taxes and additions to taxes as follows: Additions to
tax under I.R.C.
Docket
Section
Section
No.
Year
Deficiency
293(b)
291(a)
51210
1944
$176,260.38
$88,130.19
None
1945
68,957.84
34,478.92
$17,239.46
51211
1946
$ 87,238.06
$43,619.03
$22,702.14
At the trial of these cases, regularly scheduled pursuant to proper notices served on the parties, petitioners did not appear either in person or by counsel. Upon motion of respondent the petitions were dismissed for failure *16 properly to prosecute in so far as they related to the deficiencies and additions to tax under section 291(a) of the Internal Revenue Code of 1939. The cases were submitted for trial on the issue of whether all or any parts of the deficiencies are due to fraud with intent to evade tax, as alleged in respondent's answers and denied in the replies filed, and whether petitioners are, therefore, liable for the 50 per cent additional tax provided by section 293(b) of the Internal Revenue Code of 1939. On this issue respondent, who had the burden of proof, adduced oral and documentary testimony at the trial herein. Findings of Fact During the taxable years petitioner S. Jacob Sens, as sole proprietor, carried on the business of buying and selling sugar and syrup food products and jellies in Cleveland and Lorain, Ohio, and in New York, New York. For the taxable year 1944, he filed a Form W-2 return with the collector of internal revenue for the 18th district of Ohio, reporting the receipt of wages during that year of $2,673.33, and the withholding of Federal income taxes in the amount of $252.12, which latter sum was refunded to him by respondent in 1945. On March 15, 1949, petitioners *17 filed a joint income tax return for the year 1946 with the collector of internal revenue for the 3rd district of New York, reporting a total income for that year of $15,833.49. No return of any kind was filed by either petitioner for the year 1945. No extension of time was obtained from respondent within which to file the return for 1946. S. Jacob Sens will be referred to hereafter as petitioner. In 1944 petitioner had gross receipts of $288,047.06 and net taxable business income of $214,516.12. In 1945 petitioner had gross receipts of $333,130.43 and taxable net business income of $101,419.83. In 1946 petitioner had gross receipts of $227,400.35 and net taxable business income of $118,928.34 in addition to the income reported for that year. Petitioner carried on business during all of the taxable years under the names of S. J. Sens, S. J. Sens and Company, and Lorain Foods, and during 1944 also carried on business under the name of Erie Trading Company which was registered as a trade name for a non-existent fictitious person (William Goldberg) impersonated by petitioner. Petitioner kept no books or records for any of his businesses other than certain bank statements and *18 cancelled checks which were incomplete. In 1944 petitioner maintained four bank accounts, as follows: Account Name
Depositary
Erie Trading Company
Cleveland Trust Co.
Lorain Food
Central National Bank of
Cleveland
S. J. Sens
National Bank of Lorain
C. W. Sens
National Bank of Lorain
In 1945 petitioner maintained six bank accounts, as follows: Account Name
Depositary
Lorain Food
Central National Bank of
Cleveland
S. J. Sens
National Bank of Lorain
C. W. Sens
National Bank of Lorain
S. J. Sens
Manufacturers Trust Co.
(N. Y.)
S. J. Sens
Central National Bank of
Cleveland
J. Miller
Morris Plan Bank
The name of J. Miller was a fictitious name used by petitioner to conceal his income and his business activities. In 1946 petitioner maintained four bank accounts, as follows: Account Name
Depositary
S. J. Sens
National Bank of Lorain
C. W. Sens
National Bank of Lorain
S. J. Sens
Manufacturers Trust Co.
(N. Y.)
S. J. Sens & Company
LorainBanking Co.
During the year 1945 petitioner purchased for cash United States Treasury Coupon Bonds in the face amount of $15,000. Petitioner made this purchase *19 in the name, but without the knowledge or consent, or Clarence Behrendt. In 1953 petitioner was convicted in the Federal District Court for the Northern District of Ohio, Eastern Division, on an indictment charging that he "did wilfully and knowingly attempt to defeat and evade payment of the income tax due and owing by him to the United States of America for the calendar year 1945 * * *." A part of the deficiencies determined herein by respondent for the taxable years 1944, 1945, and 1946 is due to fraud with intent to evade tax. Opinion KERN, Judge: The sole issue before us for decision herein is whether all or any parts of the deficiencies determined in these cases by respondent are due to fraud with intent to evade tax within the purview of section 293(b) of the Internal Revenue Code of 1939. This is a factual issue upon which respondent has the burden of proof. After consideration of the testimony adduced by respondent at the trial herein, we are satisfied that respondent has successfully borne the burden of proof on this issue. Accordingly, Decision will be entered for respondent.